DOCKET NO. 573

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
FEB 10 1984

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE PHILLIPS PETROLEUM COMPANY PATENT LITIGATION

TRANSFER ORDER*

    This litigation consists of three actions pending in the District of Delaware and one action pending in the Southern District of Texas. Phillips Petroleum Company (Phillips), which is either the plaintiff or defendant in all the actions, moves the Panel for an order under 28 U.S.C. §1407 centralizing the actions in the District of Delaware for coordinated or consolidated pretrial proceedings. All other parties in this docket oppose transfer.

    On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact, and that centralization of the actions under Section 1407 in the District of Delaware will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Central to each action are claims challenging the validity and enforceability of a Phillipps patent covering crystalline polypropylene. The actions share common factual questions relating to the complex chemical technology underlying Phillips' invention, the scope and content of the prior art, the breadth of the patented claim, certain defenses, and the relief sought. Centralization under Section 1407 is therefore necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary. Objections to transfer have included: 1) the contention of non-Phillips parties in the Delaware actions that transfer of the Texas action might delay resolution of the Delaware actions; 2) the Texas plaintiff's assertion that voluntary cooperation is a suitable alternative to transfer under Section 1407; and 3) the Texas plaintiff's contention that transfer should be denied or deferred pending a ruling on a request for injunctive relief from the Texas court. Transfer under Section 1407 can provide benefits not available through informal coordination among the parties, and transfer need not delay resolution of any action in this litigation. We point out that transfer under Section 1407 has the salutary effect of placing all actions before a single judge familiar with the litigation who can formulate a pretrial program that 1) enables appropriate discovery already completed in earlier actions to be made applicable to later filed actions, see Manual for Complex Litigation, Parts I and II, §3.11 (rev. ed. 1981); 2) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, In re Joseph F. Smith Patent Litigation 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 3) ensures that pretrial

---

\*   Judge S. Hugh Dillin recused himself and took no part in the decision of this matter. Additionally, Judge Sam C. Pointer, Jr., took no part in the decision of this matter.

proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We note also that 1) the motion for injunctive relief has only been recently filed in the Texas action and is not presently sub judice before the Texas court; and 2) the transferee judge, who is already familiar with certain of the issues involved in the motion, is empowered to rule on the injunctive request.

We conclude that the District of Delaware is the most appropriate transferee forum for this litigation because 1) three of the four actions now before the Panel (and a related action brought after the Section 1407 motion was filed with the Panel) are already pending there, 2) the Delaware actions are at a more advanced stage of pretrial proceedings, and 3) the judge assigned to the Delaware actions has already developed a familiarity with the issues in this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Southern District of Texas be, and the same hereby is, transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Murray M. Schwartz for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

<u>MDL-573 -- In re Phillips Petroleum Company Patent Litigation</u>

    <u>Southern District of Texas</u>

<u>El Paso Products Company v. Phillips Petroleum Company</u>,
C.A. No. H-83-6265

    <u>District of Delaware</u>

<u>Phillips Petroleum Company v. United States Steel Corp.</u>,
C.A. No. 83-143
<u>Phillips Petroleum Company v. Hercules, Inc.</u>,
C.A. No. 83-148
<u>Shell Oil Company v. Phillips Petroleum Company</u>,
C.A. No. 83-547

NOV 27 1985

DOCKET NO. 573

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE PHILLIPS PETROLEUM COMPANY PATENT LITIGATION

ORDER REASSIGNING LITIGATION

Inasmuch as the actions in this litigation have been reassigned in the District of Delaware to the Honorable Joseph J. Longobardi,

IT IS ORDERED that the above-captioned litigation be, and the same hereby is, reassigned to the Honorable Joseph J. Longobardi for the remainder of the coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

FOR THE PANEL:

Andrew A. Caffrey
Chairman